[Civ. No. 6031.   Third Appellate District.—May 25, 1939.]

THE PEOPLE, Appellant, v. S. E. AYER et al., Respondents.

Clarence W. Morris, Clifford D. Good, Holloway Jones, George C. Hadley and Lincoln V. Johnson for Appellant.

Pugh & Pugh for Respondents.

PULLEN, P. J.—This action in eminent domain was instituted by the state to condemn an easement through certain property for the purpose of constructing and maintaining a highway.   The cause was tried and a judgment was entered upon the verdict of a jury awarding the owner of the lands $100 for the property taken, and $1400 for severance damages.

During the trial the People contended that Ayer was the owner of a strip of land between the easterly line of block 86 of the townsite of Red Bluff and the Sacramento River, but the ownership or extent of this narrow strip of land which had been built up by accretions of the river, was not determined.   If such a piece of land was found to belong to Ayer he had a means of ingress and egress to and from his land and that was not cut off by the highway, and it was therefore important to determine that fact in order that the jury might

properly fix the severance damages. This particular issue was not presented to the jury and the judgment based upon the verdict was reversed. In a former opinion (*People* v. *Ayer*, 18 Cal. App. (2d) 755 [64 Pac. (2d) 769]), we said:

"Whether or not Mr. Ayer is the present owner of the strip of land in question, we do not know, and whether it extended from Brewery Creek to Douglas Street is also a question of fact to be determined, but we are of the opinion the court erred in holding as a matter of law that Ayer had no title to any lands in Section 20, lying south of the mouth of Brewery Creek, and the cause should be returned for further inquiry upon this issue. It is therefore so ordered. The judgment is reversed."

The action was again brought to trial, and upon the retrial the court limited the issue as to the ownership by Ayer of the strip of land in question. Counsel for plaintiffs demanded a jury and contended there should be a trial *de novo*, inasmuch as the judgment in the former trial had been reversed by this court. This request was refused and the issues were limited to the ownership and location of the particular strip of land. At the conclusion of the hearing the court made supplementary findings of fact and conclusions of law holding that defendant Ayer had no right, title or interest in the small parcel of land in question, and that such land was not a means of ingress and egress to and from the property described in the complaint. From this judgment of the trial court the People have again appealed.

The trial court was correct in holding that this court remanded the case for trial as to the single issue of ownership only. It is true that the former judgment as entered was reversed, but that was necessitated by the essential bearing the single issue had upon the whole.

The evidence as to the ownership of the disputed land upon the second trial was in some particulars conflicting, but those conflicts have been decided by the trial court in favor of the defendants and are binding upon us. However, the evidence in its entirety seems quite clear that the Ayers never claimed or asserted any right in the strip in dispute,—it was separated from the lands of Ayer by a fence which was jointly maintained by Ayer and his adjoining neighbor Mr. Ennis. Also for many years the Ennis family had used and cultivated this strip of land and had paid all taxes levied or assessed against

it. Such recognition by the respective owners of these lands and the maintenance of a boundary fence between them is of considerable weight in solving the ambiguities, if any, in the deed as to whether the lands formed by accretions belonged to the one or the other.

The judgment is affirmed.

Thompson, J., and Tuttle, J., concurred.